NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRAVIS RAY THOMPSON,

        Plaintiff-Appellant,

  v.

KATHLEEN ALLISON, Secretary of
CDCR; CONNIE GIPSON, Warden,
Director of the Div. of Adult Inst.;
IGBINOZA, Chief Medical Officer;
CHRISTIAN PFEIFFER, Warden, Warden,
Kern Valley State Prison,

        Defendants-Appellees.

No. 21-15812

D.C. No. 1:21-cv-00001-AWI-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

California state prisoner Travis Ray Thompson appeals pro se from the

district court's judgment dismissing for failure to exhaust administrative remedies

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging violations of his Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo legal rulings on exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court properly dismissed Thompson's action because Thompson was required to exhaust administrative remedies, but alleged in the complaint that he did not. *See Albino*, 747 F.3d at 1169 (where a failure to exhaust is clear from the face of the complaint, a district court may dismiss for failure to state a claim); *see also Ross v. Blake*, 578 U.S. 632, 643-44 (2016) (articulating the limited circumstances in which administrative remedies are not "available" and therefore need not be exhausted).

**AFFIRMED.**